■ FRANK DIRE, Appellant, v. ENVIRONMENTAL PROTECTION ADMINISTRATION DEPARTMENT OF SANITATION CITY OF NEW YORK et al., Respondents.— Judgment, Supreme Court, New York County, entered May 18, 1972, which confirmed the determination of the commissioner dismissing the petitioner from his position as District Superintendent of the Department of Sanitation, unanimously modified on the law, on the facts, and in the exercise of discretion, to the extent of reducing the penalty to reinstatement of petitioner to the position of Foreman as of the date of the order hereon, with suspension in the interim from the date of original suspension, and otherwise affirmed without costs or disbursements. Order of said court, entered on May 18, 1972, dismissing the petition, unanimously reversed, on the law, on the facts, and in the exercise of discretion, and the petition granted to the extent indicated in the modification of the judgment. The petitioner, a District Superintendent

in the Department of Sanitation, pleaded guilty to the charge of demanding and accepting gratuities for the removal of bulk waste from Kips Bay Plaza, when the residents of the area were entitled to removal of that waste without payment of any fees. This malfeasance occurred between December 2, 1968 and May 31, 1971 and resulted in petitioner's receiving a total of about $900. It was noted at the hearing on these charges that petitioner was a veteran of major battles in World War II and in Korea and had served in the U. S. Marine Corps, both actively and in the reserves for a period of 28 years. He had served with the Department of Sanitation for 23 years and had received five departmental commendations during such service. He gave financial support to his two younger brothers which enabled them to become doctors. In view of the excellent prior record of the petitioner, the hearing officer recommended demotion of the petitioner from District Superintendent to Foreman with the resultant loss of benefits. The hearing officer computed this monetary loss to be $53,000 based upon the life expectancy of the petitioner. Notwithstanding the recommendation of the hearing officer, the commissioner dismissed the petitioner from the Sanitation Department. We certainly do not intend by this decision to declare that the commissioner is bound by the recommendations of the hearing officer. However, we find that the punishment of dismissal of petitioner, who has an otherwise exemplary record of service, with resultant forfeiture of pension rights, was excessive and disproportionate to the offense (*Matter of Best* v. *Ronan*, 41 A D 2d 639; *Matter of Smith* v. *Murphy*, 38 A D 2d 931; *Matter of Mitthauer* v. *Patterson*, 8 N Y 2d 37). Concur — Markewich, J. P., Steuer, Tilzer, Lane and Lynch, JJ.